UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PAUL MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) NO. 1:11-cv-01090-SEB-MJD |
| | ) |
| PLASMACARE, INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER ON PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

This matter is before the Court on Plaintiff Paul Moore's Motion for Protective Order pursuant to Federal Rule of Civil Procedure 26(b)(2)(C). [Dkt. 20]. The Court, being duly advised, **GRANTS** Moore's Motion for Protective Order, as follows:

## I. Background

This case involves Moore's age discrimination claim under the Age Discrimination in Employment Act ("ADEA"). On January 25, 2010, PlasmaCare, Inc. ("PlasmaCare") terminated Moore allegedly due to Moore's poor performance. On one occasion, following the shift on which Moore was the supervisor, 180 units of plasma were left outside the freezer overnight, which violated Food and Drug Administration regulations. Moore claims the reason provided for his termination was a pretext and that PlasmaCare treated him differently because of his age and retaliated against him because of his complaints about ageist remarks made by his peers.

PlasmaCare seeks various documents from Moore's current employer, including Moore's job application to ascertain the reason Moore gave for leaving PlasmaCare. During the course of

1

discovery, PlasmaCare has learned that Moore provided inaccurate information on other employment applications since leaving PlasmaCare's employment. Moore seeks a protective order under 26(c) to bar PlasmaCare from gathering discovery from his current employer.

## II. Legal Standard

Federal Rule of Civil Procedure 26 allows for broad discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). If the discovery appears relevant, the party resisting the discovery bears the burden to show the requested discovery adds such little value that the potential harm outweighs the typical presumption allowing broad disclosure. *Chavez v. DaimlerChrysler Corp.*, 206 F.R.D. 615, 619 (S.D. Ind.2002). Rule 45 allows for discovery on third parties and is as broad as Rule 26. *Powell v. Regency Hosp. of Nw. Indiana, LLC*, No. 2:10-CV-220-PRC, 2011 WL 1157528, at *3 (N.D. Ind. Mar. 28, 2011). However, under Rule 26(c), a party or any person from whom discovery is sought may move for a protective order and the court may "for good cause shown issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

## III. Discussion

PlasmaCare claims the discovery it seeks is relevant to Moore's credibility. According to PlasmaCare, Moore is misrepresenting the reason why he left its employ. Credibility is an appropriate subject for discovery. *Pennington v. G.H. Herrmann Funeral Home, Inc.*, No. 1:09-CV-00390-RLY-JM, 2010 WL 148242, at *2 (citing *Oakes v. Halvorsen Marine, Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal. 1998)). While credibility is an appropriate subject for discovery,

under Rule 26(b)(2)(c), the Court must limit discovery when it is unreasonably cumulative or duplicative, or can be obtained from some other source or when the party has ample opportunity to gain access to the information, and the burden outweighs the benefit.

In the context of third party discovery, courts should be especially careful in protecting the parties from excessive or oppressive discovery. *Pennington*, 2010 WL 148242, at *1 (citing *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998)); *see also Haworth, Inc. v. Herman Miller, Inc.,* 998 F.2d 975, 978 (Fed. Cir. 1993) (explaining that under Rule 26(b), a court may require a party to first seek discovery from the party opponent before burdening a nonparty). Additionally, when the third party is a litigant's current employer, courts should be mindful of the risk to the litigant of adverse employment consequences. *Pennington*, 2010 WL 148242, at *1 (citing *Moffatt v. Seymour Tubing, Inc*., IP01-C-1953-B/S (S.D. Ind. Jul 12, 2002)).

Requesting information from Moore's current employer is premature and potentially duplicative. PlasmaCare should first access the information they seek directly from Moore through taking his deposition.[1] Taking Moore's deposition will allow PlasmaCare to ask Moore directly, under oath, for the information it seeks. At that point, if Moore's responses indicate that he made similar misrepresentations on his current employer's application, PlasmaCare will have sworn testimony it can use during trial and the application would be duplicative of Moore's deposition testimony. However, if Moore's responses indicate that he made no misrepresentations on his current employer's application, only then might it be appropriate for PlasmaCare to subpoena Moore's current employer.

---

[1] Apparently, Moore's current employer has refused to provide Moore with a copy of his application.

Furthermore, given that PlasmaCare has a collection of alleged misrepresentations, the Court finds that one more may be unnecessarily cumulative. *See Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (explaining that Rule 26(b)(2) empowers district courts to limit the scope of discovery if it is unreasonably cumulative). PlasmaCare has other applications that show Moore has provided allegedly inaccurate information on other applications for employment since leaving PlasmaCare. One additional application will offer little to the issue of Moore's credibility. On the other hand, the probability for prejudice to Moore is high because of the potential for adverse employment consequences. The potential prejudice to Moore outweighs the possible benefit PlasmaCare may gain from its request.

In sum, PlasmaCare can get the information it seeks directly from Moore by deposing him. Additionally, the cumulative nature of the application at issue provides minimal additional benefit to PlasmaCare, but the potential risk to Moore is great. For these reasons, the Court finds that Moore has established good cause justifying issuance of a Protective Order. However, the Court does not foreclose the possibility of allowing PlasmaCare to raise this issue again after PlasmaCare has deposed Moore.

## IV. Conclusion

For the reasons discussed above, the court **GRANTS** Plaintiff's Motion for Protection Order. [Dkt. 20].

Dated: 02/23/2012

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution List:

Blake J. Burgan
TAFT STETTINIUS & HOLLISTER LLP
bburgan@taftlaw.com

Andrew Dutkanych III
BIESECKER DUTKANYCH & MACER LLC
ad@bdlegal.com